ISHEE, J.,
for the Court:
¶ 1. In 2011, Mickey Vernon Hancock was convicted in the Pike County Circuit Court of armed robbery and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Hancock soon filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The circuit court denied the motion. Hancock appealed. His appeal was assigned to the Mississippi Office of Indigent Appeals (MOIA). Hancock’s attorney asserted in her appellate brief that she had conducted a good-faith inquiry into arguable issues for appeal but ultimately could find none. Having reviewed the record, we also find no valid issues suitable for review and affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In November 2008, Hancock visited his uncle, Robert Hancock, at Robert’s home in McComb, Mississippi. After arriving, Hancock began beating Robert with a hammer and demanded Robert give him money. Hancock took all of the money Robert had in his wallet along with one handgun. Robert promised Hancock he would not tell anyone about the incident, and Hancock left.
¶ 3. Nonetheless, the next morning, Robert reported the crime to the McComb Police Department. Tonya Thomas, a processor with the police department, testified that she received Robert at the police station and that he arrived with blood on his clothes and injuries to his face and neck. Thomas wrote out Robert’s statement recounting the events of the prior evening. Robert then signed and dated the statement. Hancock was soon arrested and later indicted for armed robbery.
¶ 4. Hancock’s nephew, David Roberts, testified on behalf of the State at Hancock’s trial. David stated that Hancock admitted he had robbed Robert, but that Hancock stated he did not use a hammer in Robert’s beating and did not retrieve as much money as he had hoped. Shortly thereafter, David purchased a handgun from Hancock. David testified that Hancock told him the handgun was stolen. As such, Hancock advised him to remove the serial numbers and wipe Hancock’s fingerprints from the weapon. David soon realized the handgun he had purchased from Hancock was the weapon Hancock had stolen from Robert. Robert later identified the handgun as the one Hancock had stolen from him.
¶ 5. After a trial, the jury returned a guilty verdict convicting Hancock of armed robbery, and he was sentenced to life in the custody of the MDOC. He quickly filed a motion for a JNOV or, in the alternative, a new trial. The circuit court denied the motion, and Hancock appealed. His case was assigned to the MOIA.
¶ 6. His MOIA attorney submitted a brief stating that she was unable to find any arguable issue for appeal despite a good-faith inquiry into Hancock’s case. The MOIA attorney listed eleven matters she had considered, reviewed, and included in her inquiry. She acknowledged her *1262 willingness to submit supplemental briefing on any issues requested by this Court and requested that the Court grant Hancock forty days of additional time in which to file a pro se brief should he desire to do so. After being granted the requisite forty days, Hancock failed to file a pro se brief.
DISCUSSION
¶ 7. The case of Lindsey v. State, 939 So.2d 743 (Miss.2005), governs this appeal. In Lindsey, the Mississippi Supreme Court promulgated procedures an attorney must follow when the “appellate counsel represents an indigent criminal defendant and does not believe his or her client’s case presents any arguable issues on appeal.” Lindsey, 939 So.2d at 748 (¶ 18). When this situation arises, an attorney must:
(1) [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)—(4), (7);
(2) [C]ertify [in the brief] that there are no arguable issues supporting the client’s appeal, and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]
(3)[S]end a copy of the brief to the defendant, inform the [defendant that] counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.
Id. (citations omitted).
¶ 8. Hancock’s counsel complied with the requirements of Lindsey. Counsel further petitioned this Court, upon the filing of her appellate brief, for an extension of time for Hancock to submit a pro se brief. The extension was granted, but Hancock failed to file a pro se brief. Furthermore, having reviewed the record, we cannot find any arguable issue for appeal or reversible error committed at the trial level. As such, we affirm Hancock’s conviction and sentence.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.